Filed 5/28/13  P. v. Roman CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B241040 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA122367) |
| v. | |
| EDIBALDO ROMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lori Ann Fournier, Judge.  Affirmed.

Nancy Mazza for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Colleen M. Tiedemann, Deputy Attorney General, for Plaintiff and Respondent.

_____

The issue presented in this appeal is whether defendant and appellant Edibaldo Roman had a right to a jury trial under the Sixth and Fourteenth Amendments on the issue of victim restitution under the holding in *Southern Union Co. v. United States* (2012) 567 U.S.__ [132 S.Ct. 2344, 183 L.Ed.2d 318] (*Southern Union*).) We hold defendant waived the constitutional claim by his express request that restitution be entered in specified amounts by the trial court, and in any event, victim restitution is not punishment and is beyond the reach of the constitutional right to a jury trial.

Defendant entered a plea of no contest on March 5, 2012, to a charge of carjacking in violation of Penal Code section 215, subdivision (a). Defendant agreed to an upper term sentence of nine years in state prison. As part of the agreement, the prosecution dismissed two additional felony charges and firearm and recidivist allegations. Defendant was advised that a restitution hearing would take place on a future date. He expressly waived his right to be present at that hearing.

The restitution hearing was held on April 12, 2012. Pursuant to defendant's request, he appeared through counsel. Defendant's counsel advised the trial court he had met with defendant the previous day and "provided him with the documentation to support our request that the court enter" restitution in the amount of $23,238.80 as to one victim and $699.89 as to a second victim. The court ordered restitution as requested by the defense. [1]

Defendant's only contention on appeal is that he was entitled to a jury trial under the reasoning of *Southern Union*. The claim is not cognizable on appeal, as the restitution order was entered at defendant's request. Under the Sixth Amendment, the state may proceed without a jury trial "so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." (*Blakely v. Washington* (2004) 542 U.S. 296, 310.) Here defendant stipulated to the amount of restitution, and the Sixth Amendment is therefore not implicated in the restitution order.

---

[1]     The restitution order was made joint and several as to a codefendant who is not a party to this appeal.

2

Moreover, as our colleagues in the Fourth District, Division Three, have recently held, *Southern Union* does not require a jury trial on an award of victim restitution. (*People v. Pangan* (2013) 213 Cal.App.4th 574, 584-586 (*Pangan*).) "*Southern Union* involved a restitution fine of $50,000 *a day* for each day of a putative 762-day-long environmental law violation. The United States Supreme Court struck the fine down because the very fact which determined the 'maximum fine' the corporate defendant faced—the number of days the violation continued—was not determined by the jury. (See *Southern Union, supra,* [567] U.S. at p. ___ [132 S.Ct. at p. 2356] ['the fact that will ultimately determine the maximum fine Southern Union faces is the number of days the company violated the statute'].)" (*Pangan, supra*, at p. 585.)

*Pangan* held that *Southern Union* has no "application to direct victim restitution, because direct victim restitution is not a criminal penalty. As explained in *U.S. v. Behrman* (7th Cir. 2000) 235 F.3d 1049, 1054, direct victim restitution is a substitute for a civil remedy so that victims of crime do not need to file separate civil suits. It is not increased 'punishment.' The *Millard* decision makes the same point in regard to California law. ([*People v.*] *Millard* [(2009)] 175 Cal.App.4th [7,] 35; accord *People v. Harvest* (2000) 84 Cal.App.4th 641, 645, 650.) *Chappelone* has collected the numerous federal cases also holding victim restitution does not constitute increased punishment for crime. (See [*People v.*] *Chappelone* [(2010)] 183 Cal.App.4th [1159,] 1184.) And we would note the restitution statute *itself* characterizes victim restitution awards as civil. (See Pen. Code, § 1202.4, subd. (a)(3)(B) [victim restitution 'shall be enforceable as if the order were a civil judgment'.)" (*Pangan*, *supra*, 213 Cal.App.4th at p. 585.) We agree with the holding in *Pangan* and reject defendant's contention.

## DISPOSITION

The judgment is affirmed.

KRIEGLER, J.

We concur:

ARMSTRONG, Acting, P. J.

O'NEILL, J.*

---

* Judge of the Ventura County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.